UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE JOHNSTON, *et al.,* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-3689 |
| | § | |
| JOE MEDINA, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is the plaintiffs' motion to remand in this diversity case on the basis that the amount in controversy is less than $75,000.  Dkt. 5.  Defendant asserts that it is apparent from the face of the petition that the amount in controversy is satisfied.  Dkt. 8.  The court, having considered the motion, the response, and the applicable law, is of the opinion that the motion to remand should be GRANTED because defendant has not carried his burden of establishing by a preponderance of the evidence that the amount in controversy meets or exceeds the jurisdictional amount in controversy.

## BACKGROUND

Plaintiff International Federation of Pharmacy Technicians Inc. d/b/a National Pharmacy Technician Association ("NPTA") is a non-profit organization that is "dedicated to advancing the value of pharmacy technicians . . . ."  Dkt. 1-2 at ¶¶ 2, 6.  Plaintiff Mike Johnston is NPTA's executive director.  *Id.* ¶ 6.  Defendant Joe Medina is a former member of NPTA who is alleged to have formed a competing organization, and to have engaged in "numerous libelous actions in an effort to disparage" NPTA and to draw business away from NPTA.  *Id.* ¶ 7.  Statements made by Medina are alleged to have "generated considerable negative comments and postings" on internet

venues.  *Id.* ¶8.  Plaintiffs contend that defendant Medina is liable for any "damages and financial harm" caused by his actions.  *Id.*  The original petition seeks injunctive relief, damages for liable, and unspecified damages for breach of contract on the basis that Medina's actions violated a confidentiality agreement he signed with NPTA.  *Id.* ¶¶ 8-9.

## THE LAW

A defendant may remove a state civil case to federal court if the federal court would have had original jurisdiction.  28 U.S.C. § 1441(a).  For a case to be removed based on diversity of citizenship, the matter in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a), (c).  The burden of proving that federal jurisdiction exists rests on the removing party.  *De Aguilar v. Boeing Co.* (*"De Aguilar II"*)*,* 47 F.2d 1404, 1408 (5th Cir. 1995).  "Any ambiguities should be . . . strictly construed in favor of remand."  *Manguno* v. *Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Ordinarily the federal court ascertains the amount in controversy by looking at the amount claimed in the state court petition.  *Id.*  Where, as is the case here, the plaintiff has not alleged a specific dollar amount as damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy actually does, in fact, exceed the jurisdictional amount required in diversity cases.  *De Aguilar II,* 47 F.2d at 1409.  Defendant may accomplish this in two ways.  First, he may show it is "facially apparent" that the damages exceed $75,000, in which case the court "looks only at the face of the complaint and asks whether the amount in controversy [is] likely to exceed [$75,000]."  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).  Second, the defendant may prove damages exceed $75,000 by "setting forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  *Manguno*, 276 F.3d at 723.  To meet the preponderance of the evidence burden, the

2

defendant must "do more tha[n] point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000]."  *De Aguilar II*, 47 F.3d at 1412.  A mere conclusory statement will not suffice.  *De Aguilar v. Boeing Co.* (*"De Aguilar I"*), 11 F.3d 55, 57–58 (5th Cir. 1993).

Attorney's fees should be included in calculating the amount in controversy if a state statute provides for them.  *Manguno,* 276 F.3d at 723.  This would include a situation in which the state statute instructs the court to grant the winning plaintiff "the relief to which she is entitled"—even if the plaintiff has not requested such relief.  *Id.* at 724.

### ANALYSIS

The Fifth Circuit has found it facially apparent that plaintiffs' damages exceeded the jurisdictional amount in cases involving death or severe physical injuries; when multiple plaintiffs sought punitive damages; and when dollar amounts in the petition indicated that, in the event of a favorable verdict, the plaintiff's damages would exceed $75,000.  *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (airline passenger suffered heart failure after airline lost her medication and her damages included "property [losses], travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework");  *Allen*, 63 F.3d at 1336 (hundreds of plaintiffs alleged damages below the jurisdictional amount but "common sense" indicated their collective punitive damages would clearly exceed that amount);  *De Aguilar I*, 11 F.3d at 56 (facially apparent damages exceeded jurisdictional amount in light of "claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses").  District courts have followed these precedents, and have found the jurisdictional minimum met where the petition contained specific factual allegations that permitted the court to reach a reasonable estimate of damages.  *Preece v. Physicians Surgical Care, Inc.,* No.

3

Civ.A. H-06-0715, 2006 WL 1470268 (S.D. Tex. May 26, 2006) (Lake, J.) (plaintiff denied right to exercise stock options and complaint stated that the value of the shares exceeded $168,000); *Whitmire v. Bank One, N.A.*, No. Civ.A. H-05-3732, 2005 WL 3465726 (S.D. Tex. Dec. 16, 2005) (Lake, J.) (petition alleged economic damages of $15,370.50 for the loss of vehicle; treble damages, and additional awards for statutory damages and attorney's fees made it facially apparent that her claims were likely to exceed $75,000.); *Martin v. Southwest PCS, L.P.* No. SA-03-CA-866-XR, 2003 WL 22477692 (W.D.Tex. Nov. 3, 2003) (retaliatory firing where it was facially apparent that the amount in controversy exceeded $75,000 given "Plaintiff's salary [of $23,750 annually plus $19,800 in possible commissions], the length of time since the alleged constructive discharge [more than two years], and the allegations of severe emotional distress").

By contrast, damages do not facially exceed the jurisdictional amount in cases involving minor physical injuries and small-scale business operations. *Asociacion Nacional de Pescadores v. Dow Quimica de Columbia,* 988 F.2d 559, 563 (5th Cir. 1993) (fishermen's individual claims did not facially exceed the jurisdictional amount because the personal injuries were "mentioned only cursorily" and "even a fairly sustained loss of income to a small-scale fisherman in Columbia seems unlikely to reach [$75,000]"); *Gulf Coast Envtl. Sys. v. TKS Control Sys., Inc.,* No. H-08-1080, 2008 WL 2704766 (S.D. Tex. July 7, 2008) (Werlein, J.) (claim for failure to ship machinery worth at least $75,000 did not exceed minimum where plaintiff would have paid $27,000 for the machinery, reducing its damages to less than $50,000); *Hot-Hed, Inc. v. Safe House Habitats, Ltd.*, No. H-06-1509, 2007 WL 556862 (S.D. Tex Feb. 12, 2007) (Werlein, J.) (no proof by removing defendant of the value of the right Hot-Hed sued to protect in trademark infringement action).

In this case, plaintiffs indicate that the crux of their petition is the injunctive relief they seek, i.e., they simply want Medina to cease his alleged internet attacks on their business. Plaintiff are

willing to stipulate that their actual damages do not exceed $75,000. However, this post-removal offer to stipulate to the amount of damages is irrelevant to the court's inquiry. *De Aguilar II*, 47 F.3d at 1412 (plaintiff bound by state court pleadings). Here, there is no specific amount pled in the state court, and that is the appropriate starting point for the analysis.

It is defendant Medina's burden to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. *De Aguilar II,* 47 F.3d at 1410, 1412–1413. Defendant Medina attempts to do so by arguing it is apparent from the face of the petition that plaintiffs' damages exceed the jurisdictional amount. The court disagrees.

This case does not involve severe personal injury, multiple plaintiffs seeking punitive damages, or an allegation in the petition placing a dollar amount on a contractual obligation. In short, this case does not share any relevant characteristic with cases where the amount in controversy has been found to be apparent from the face of the petition.

Further, plaintiffs' breach of contract losses, and any claims for actual damages for libel, do not facially appear to exceed the jurisdictional limit. Indeed, there is no means by which the court can make any reliable estimate of the damages that plaintiffs are likely to have suffered from Medina's actions. Medina is alleged to have made disparaging comments on the internet about plaintiffs in an attempt to damage NPTA's operations. While the court may assume that NPTA may have lost one or more existing or potential members through defendant Medina's actions, there is no way of quantifying the damage such a loss (or losses) caused to NPTA solely by reference to the face of the petition. It may be that NPTA's lost membership numbers in the thousands; perhaps plaintiffs can prove no loss of membership. Either scenario is possible from the face of the petition. However, a mere possibility that the statutory minimum may be met is not sufficient, and any ambiguity in the amount in controversy should be resolved in favor of remand. *Manguno*, 276 F.3d

at 723.  The court's inability to quantify NPTA's damages from the face of the petition must be laid at Defendant Medina's feet, as it is his burden to establish the jurisdictional amount in controversy by a preponderance of the evidence.  This he has failed to do.

The court should also consider the value of a potential injunction, which is "the value of the right to be protected."  *Hot-Hed*, 2007 WL 556862, at *1.  Here, the "value" is indeterminate because the right to be protected is NPTA's right to operate its business without interference, and the court has already noted that there is no means of quantifying the damage done to NPTA's business in this case.  Thus, neither party has provided evidence of the value to plaintiffs of obtaining an injunction, so the court must decide whether it is facially apparent from the petition that the injunction's value, along with the damages sought, exceeds the jurisdictional amount.  Since there is no allegation concerning the dollar value of plaintiffs' business, nor how much actual damage has been caused by defendant's actions, it is not facially apparent that the value of the injunction sought in this case, even when combined with any other damages sought, will exceed $75,000.

Finally, even if attorneys' fees are considered as part of an award in this case, there is no reason to believe that such fees would amount to a large sum.  *Manguno*, 276 F.3d at 724-25 (approving of district court's consideration of likely award of attorneys' fees in class action in determining amount in controversy).  Plaintiffs have filed a five-page complaint concerning statements made on the internet which either are, or are not, libel *per se*.  Attorneys' fees would likely amount to no more than a few thousand dollars in this case, and would not change the analysis set forth above.

### III. CONCLUSION

Defendant Medina, as the removing party, bears the burden of proving by a preponderance of the evidence that plaintiffs' actual damages exceed $75,000.  At best, defendant has shown that there is a mere possibility that plaintiffs might recover more than $75,000.  To the extent the amount of controversy here is ambiguous, the question must be resolved in favor of remand.  *Manguno*, 276 F.3d at 723.  Accordingly, the motion to remand is GRANTED, and this case is REMANDED to the 11th District Court of Harris County, Texas.

It is so ORDERED.

Signed at Houston, Texas on November 29, 2010.

_____

Gray H. Miller
United States District Judge

7